UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaias Lopez NUNEZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Martin GAMBOA, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 3:21-cv-2046-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR STAY AND ABEYANCE (ECF 3)** |

Petitioner Isaias Lopez Nunez moves for a stay of this action while he exhausts his state remedies for multiple claims not included in his federal petition. (ECF 3; ECF 9.)

## BACKGROUND

The same day Nunez filed for federal habeas corpus relief, he also filed this motion to stay. (ECF 1; ECF 3.) In his habeas petition, Nunez raised two grounds: an ex post facto sentencing argument and ineffective assistance of counsel. (ECF 1, at 7-10.) He moved to stay his federal petition so he could exhaust other claims, including various ineffective-assistance-of-counsel issues, prosecutorial misconduct, and actual innocence. (ECF 3, at 2.)

Upon review, the Court concluded Nunez's current claims are fully exhausted. (ECF 5, at 2.) The Court ordered Nunez to demonstrate how he satisfies the *Rhines* or *King* criteria for a stay for the remainder. (ECF 5, at 2-3.) Nunez filed a declaration, arguing why he qualifies for a stay. (ECF 9.) Respondent has not opposed Nunez's request.

## DISCUSSION

Two procedures are available to a habeas petitioner to stay a federal petition while exhausting additional claims in state court: a *Rhines* stay or a *King* stay. A *Rhines* stay is when a Court exercises its discretion to stay a "mixed" federal petition—one that includes both exhausted and unexhausted claims—while the petitioner presents his unexhausted claims to the highest state court. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). But if a federal petition is not mixed—that is, if all the petition's claims are fully exhausted—

only a *King* stay is available to allow a petitioner to pursue state-court remedies. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). For a *King* stay, petitioner need not satisfy "a special standard such as 'good cause' . . . ." *Id.* at 1141. But to add any newly exhausted claims to the petition, they must be "timely." *Id.* at 1140-41.

Nunez has already presented all his claims here to the California Supreme Court, so his petition is fully exhausted. (ECF 1, at 2-3.) "[T]he *Rhines* procedure is inapplicable to fully exhausted petitions and, instead, the [*King*] procedure governs." *Bell v. Arnold*, No. CV 17-1969-JFW (GJS), 2017 WL 4174402, at *3 (C.D. Cal. Aug. 31, 2017) (collecting cases), *adopted*, No. CV 17-1969-JFW (GJS), 2017 WL 4156991 (C.D. Cal. Sept. 19, 2017). In that instance, the court has "discretion to implement . . . [a] stay-and-abeyance." *King*, 564 F.3d at 1143.

Because Nunez need not show good cause, *see King*, 564 F.3d at 1141, and respondent does not oppose a stay, a *King* stay is warranted.

But Nunez is cautioned that he will not be permitted to amend his petition unless the newly exhausted claims are timely under the statute of limitations, or they "relate back" to the claims in the fully exhausted petition. *See King*, 564 F.3d at 1140-41. Due to the one-year statute of limitations, "demonstrating timeliness will often be problematic" for a petitioner, so the process is risky. *Id.* at 1141. At this point, the Court does not have enough information to fully assess whether Nunez's new claims would be timely or relate back, in part because it does not yet have the benefit of a full state-court record. And Nunez's unexhausted claims include an actual-innocence claim, which could potentially be "a gateway through" the one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

So, while the Court recommends granting Nunez's motion to stay, it does not reach the question of whether any new claims may be presented in this federal habeas action. If Nunez later seeks to add newly exhausted claims to his federal petition, the Court will address the issue then.

**CONCLUSION**

Accordingly, the Court recommends that the following orders be entered:

1. Nunez's motion for a *King* stay is **GRANTED.**

2. By September 1, 2022, and for every three months thereafter (that is, by December 1, 2022; March 1, 2023; June 1, 2023; and so on), Nunez must file a status report with this Court that details his progress in exhausting his unexhausted claims in the state courts.

3. Within 14 days of the state court's decision resolving his claims, Nunez must file a motion requesting that the stay be lifted. Once Nunez moves to lift the stay, Nunez's obligation to file these status reports will end.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  May 13, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge