UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS LOPEZ NUNEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>MARTIN GAMBOA, Warden,<br><br>                                    Respondent. | Case No.:  21cv2046-CAB-AGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 10] AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [Doc. No. 3]** |

On December 6, 2021, Petitioner Isaias Lopez Nunez ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1.] On December 6, 2021, Petitioner also filed a motion for stay and abeyance.  [Doc. No. 3.]

On May 13, 2022, Magistrate Judge Andrew G. Schopler issued a Report and Recommendation ("Report"), recommending that the Court **GRANT** Petitioner's motion for stay and abeyance. [Doc. No. 10.]  The Report also ordered that any objections were to be filed by May 27, 2022. [Report at 12.] To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are

filed, the district court is not required to review the magistrate judge's report and recommendation. The Court reviews de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.

Here, neither party has timely filed objections to the Report. Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court **HEREBY ADOPTS** Magistrate Judge Schopler's Report and Recommendation [Doc. No. 10] in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** the motion for stay and abeyance as follows:

1. Petitioner's motion for a *King*[1] stay is **GRANTED**.

2. By September 1, 2022, and for every three months thereafter (that is, by December 1, 2022; March 1, 2023; June 1, 2023; and so on), Petitioner must file a status report with this Court that details his progress in exhausting his unexhausted claims in the state courts.

3. Within 14 days of the state court's decision resolving his claims, Petitioner must file a motion requesting that the stay be lifted. Once Petitioner moves to lift the stay,

/ / / / /

/ / / / /

---

[1] *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's obligation to file these status reports will end.

**IT IS SO ORDERED.**

Dated: June 7, 2022

                                             Hon. Cathy Ann Bencivengo
                                             United States District Judge